### BALFE et al. v. TILTON.

(District Court, New Hampshire. November 16, 1916.)

#### No. 373.

Equity ⬤⟲414—Findings of Master—Conclusiveness.

    To justify setting aside findings of a master appointed through consent of the parties, it must clearly appear that there is a mistake or error.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 931; Dec. Dig. ⬤⟲414.]

In Equity. Suit by Mary A. Balfe, administratrix of the estate of Myra Tilton, and another, against Genieve E. Tilton, executrix of Charles E. Tilton. On motions to confirm and set aside the report of the master. Report confirmed, and bill dismissed.

A. H. Holmes, of New York City, for plaintiffs.
Foster & Lake, of Concord, N. H., for defendant.

ALDRICH, District Judge. In view of the opinion handed down in this case August 14, 1916, 235 Fed. 448, counsel have asked for a hearing, and they have been heard; the defendant orally through counsel, and the plaintiffs submitting their views through counsel upon brief.

Since the opinion of August 14th one of the plaintiffs has deceased, and a motion for revivor of the cause has been filed. For present purposes the case may well enough be treated as though the interests of the deceased party were represented by an executor or administrator.

I think the contention of counsel for the defendant in respect to the Colorado and New York real estate, and the items in the account charging the defendant with $1,800 for land in New York City, and $11,500 for one-half of unsold lands in Colorado, as supplemented by the finding that the unsold Colorado and New York real estate are charged with respect to values as of that date, must be accepted as sound to the extent that the situation in this respect should be accepted as one in which the master intended to find that the defendant was charged according to actual values, and therefore that he was not acquiring any advantages in respect to values of unsold properties.

There is a query in the opinion of August 14th in respect to whether, in an accounting like this, the defendant should be credited upon the equitable reckoning with the monthly installments, or advancements, running through many years and amounting to $42,000; but as the plaintiff does not urge that equitable considerations should under the circumstances exclude these items, I do not feel called upon to consider the question further.

With respect to the remaining question as to the $20,000 legacy in Alfred's will, in which Louise Tilton was named as the beneficiary, the defendant's contention now is that, as the plaintiff Louise and the administratrix of the child instituted this equitable proceeding, which touched and called for an equitable accounting in respect to the entire estate, the provision of the will in respect to the legacy was waived, and furthermore that there is nothing in respect to Alfred's estate left to be operated upon by the will. If the accounting based upon findings in respect to the entire estate is to be sustained, I should have to accept this view as a controlling one.

Now, in conclusion, and in finally disposing of this case, I feel bound to say that the relations of the parties, character of the correspondence, and the nature of the transactions, viewed as a whole, raise doubts in my mind as to the justice of the findings and accounting. But in view of the familiar rule of law, which obtains in equity as well, and by which I must be governed, that it must clearly appear to the court that there is mistake or error in order to justify setting aside findings of a master created through consent of the parties, I can find no warrant for interposing to that end under the circumstances of this case. Report of Master Allen confirmed.

Bill dismissed.